1   ROB BONTA
    Attorney General of California
2   PAUL STEIN
    Supervising Deputy Attorney General
3   NATASHA SAGGAR SHETH
    Deputy Attorney General
4   State Bar No. 282896
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 510-3818
6     Fax:  (415) 703-5480
      E-mail:  Natasha.Sheth@doj.ca.gov
7   *Attorneys for Defendants Gavin Newsom, in his*
    *official capacity as Governor of the State of*
8   *California, Rob Bonta, in his official capacity as*
    *Attorney General of the State of California, Dr.*
9   *Shirley Weber, in her official capacity as Secretary*
    *of State of the State of California, and Steven Reyes,*
10  *in his official capacity as Chief Counsel for the*
    *Secretary of State of the State of California*

11

12                  IN THE UNITED STATES DISTRICT COURT

13               FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                          WESTERN DIVISION

15

16  | | |
    |---|---|
    | **CARL GORDON,** | 2:21-cv-07270-FMO-MAR |

17  **CARL GORDON,**

                                        Plaintiff,    **NOTICE OF MOTION AND**
18                                                    **MOTION TO DISMISS**
                                                      **COMPLAINT**
19       **v.**
                                                      Date:        November 18, 2021
20  **GAVIN NEWSOM, in his official**                 Time:        10:00 a.m.
    **capacity as the Governor of the State**         Courtroom:   6D
21  **of California; ROB BONTA in his**               Judge:       The Honorable Fernando
    **official capacity as Attorney General**                      M. Olguin
22  **of the State of California; SHIRLEY**           Trial Date:  None
    **N. WEBER, in her official capacity as**         Action Filed: September 9, 2021
23  **Secretary of State of the State of**
    **California; STEVEN J. REYES, in his**
24  **official capacity as Chief Counsel for**
    **the Secretary of State of the State of**
25  **California; DOES 1 through 100,**

26                                      Defendants.

27

28

# TABLE OF CONTENTS

**Page**

Notice of Motion and Motion ......................................................................... 1

Introduction ................................................................................................... 3

Background ..................................................................................................... 4

    I.    The Gubernatorial Recall Process and Plaintiff's Failure to Qualify for the Ballot as a Replacement Candidate ............................ 4

    II.    Plaintiff's State Court Lawsuit, Which He Voluntarily Dismissed Before the Hearing. ............................................................. 7

    III.    The Present Action ........................................................................... 8

Legal Standard ............................................................................................... 8

Argument ........................................................................................................ 9

    I.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims. ............................................................................................ 10

        A.    Plaintiff's Claims Related to the September 14, 2021 Recall Election are Moot and Must Be Dismissed. ................ 10

        B.    Sovereign Immunity Bars All of Plaintiff's Claims and Requests for Monetary Relief. .................................................. 10

    II.    Plaintiff Fails to State a Claim for Violation of His First or Fourteenth Amendment Rights. .................................................... 12

Conclusion .................................................................................................... 14

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Anderson v. Celebrezze*
    460 U.S. 780 (1983) ........................................................................ 12

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) .................................................................... 9, 14

*Clingman v. Beaver*
    544 U.S. 581 (2005) ........................................................................ 12

*Coakley v. Murphy*
    884 F.2d 1218 (9th Cir. 1989) ........................................................ 9

*Coalition to Defend Affirmative Action v. Brown*
    674 F.3d 1128 (9th Cir. 2012) ...................................................... 11

*Doe v. Regents of the Univ. of Cal.*
    891 F.3d 1147 (9th Cir. 2018) ...................................................... 11

*Dudum v. Arntz*
    640 F.3d 1098 (9th Cir. 2011) ...................................................... 13

*Foster v. Carson*
    347 F.3d 742 (9th Cir. 2003) ........................................................ 10

*In re Cutera Securities Litig.*
    610 F.3d 1103 (9th Cir. 2010) ........................................................ 9

*Kentucky v. Graham*
    473 U.S. 159 (1985) ........................................................................ 11

*Pennhurst State School & Hosp. v. Halderman*
    465 U.S. 89 (1984) .......................................................................... 11

*Pistor v. Garcia*
    791 F.3d 1104 (9th Cir. 2015) ........................................................ 9

*Roberts v. Corrothers*
    812 F.2d 1173 (9th Cir. 1987) ........................................................ 9

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Steckman v. Hart Brewing, Inc.*
   143 F.3d 1293 (9th Cir. 1998) ........................................................ 9

*Storer v. Brown*
   415 U.S. 724 (1974) ........................................................ 13

*U.S. v. Ritchie*
   342 F.3d 903 (9th Cir. 2003) ........................................................ 9

*White v. Lee*
   227 F.3d 1214 (9th Cir. 2000) ........................................................ 8

*Will v. Mich. Dep't of State Police*
   491 U.S. 58 (1989) ........................................................ 11

*Ex Parte Young*
   209 U.S. 123 (1908) ........................................................ 11

**STATUTES**

California Code of Civil Procedure
   § 1085 ........................................................ 3

California Elections Code
   § 8062(a)(1) ........................................................ 6
   § 8062, subd. (a) ........................................................ 6
   § 8106(a) ........................................................ 6
   § 8106, subd. (a)(3) ........................................................ 6
   § 11108(d) ........................................................ 4
   § 11108(e) ........................................................ 4
   § 11108(e)(1)-(2) ........................................................ 4
   § 11381 ........................................................ 5
   § 11381(a) ........................................................ 6, 13
   § 13314 ........................................................ 7

California Penal Code
   § 368(d) ........................................................ 3, 10, 12

California Welfare and Institutions Code
   § 15657.5(a) ........................................................ 3, 10

# TABLE OF AUTHORITIES
## (continued)

Page

**CONSTITUTIONAL PROVISIONS**

California Constitution
Article I, § 7 .................................................................................. 3
Article II, § 14(a) ......................................................................... 4
Article II, § 15 ............................................................................. 4
Article II, § 15, subd. (a) ........................................................... 13
Article II, § 16 ............................................................................. 4
Article II, § 17 .......................................................................... 4, 7

United States Constitution
First Amendment ................................................................. 1, 3, 12
Eleventh Amendment ........................................................... 1, 3, 11
Fourteenth Amendment ....................................................... 1, 3, 12
Article I, § 4, cl. 1 ..................................................................... 12

**COURT RULES**

Federal Rule of Civil Procedure Rule
12(b)(1) ............................................................................... 1, 8, 9
12(b)(6) .................................................................................. 1, 9

**OTHER AUTHORITIES**

California Gubernatorial Recall Election Calendar (PDF),
https://elections.cdn.sos.ca.gov/statewide-elections/2021-
recall/recall-calendar.pdf (as of Oct. 19, 2021) ...................................... 5

California Secretary of State, California Gubernatorial Recall Election
- September 14, 2021, Certification of the Petition to Recall
Governor Gavin Newsom (PDF),
https://elections.cdn.sos.ca.gov/recalls/certification-of-recall.pdf (as
of Oct. 19, 2021) .................................................................................... 5

California Secretary of State, California Gubernatorial Recall Election
- September 14, 2021, Replacement Candidate for Governor
Checklist (PDF), https://elections.cdn.sos.ca.gov/statewide-
elections/2021-recall/candidate-checklist.pdf (as of Oct. 19, 2021) ................... 6

iv

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3
4
5

California Secretary of State, Official Certified List of Candidates
(July 21, 2021) https://elections.cdn.sos.ca.gov/statewide-
elections/2021-recall/certified-list.pdf (as of Oct. 19, 2021) ............................. 14

6
7
8

Lieutenant Governor's Proclamation Calling for the California
Gubernatorial Recall Election (PDF),
https://elections.cdn.sos.ca.gov/statewide-elections/2021-
recall/proclamation.pdf (as of Oct. 19, 2021) ........................................................ 5

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

**TO THE HONORABLE COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE** that at 10:00 a.m. on November 18, 2021, at the United States District Court, Central District of California, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, before the Honorable Fernando M. Olguin, Defendants Gavin Newsom, in his official capacity as Governor of the State of California, Rob Bonta, in his official capacity as Attorney General of the State of California, Dr. Shirley Weber, in her official capacity as Secretary of State of the State of California, and Steven Reyes, in his official capacity as Chief Counsel for the Secretary of State of the State of California, will and hereby do move to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Defendant's motion is made on the following grounds:

(1)   Plaintiff's claims, all of which relate to the September 14, 2021 California Gubernatorial Recall Election, are moot;

(2)   Plaintiff's claims are barred by the Eleventh Amendment because there is no forward-looking relief that this Court could grant Plaintiff with respect to the recall election.  At a minimum, Plaintiff's state-law claims (claims two and three), and his various requests for damages and "treble damages," are barred by the Eleventh Amendment;

(2)   Plaintiff fails to state a claim for violation of his rights under the First and Fourteenth Amendments.

This motion is made following a telephonic conference with Plaintiff pursuant to Local Rule 7-3, which took place October 6, 2021.

This Motion is based on this Notice of Motion and Motion to Dismiss; the accompanying Memorandum of Points and Authorities; the accompanying Request for Judicial Notice and attached exhibits; all pleadings and papers on file in this action; and upon such additional matters as the Court may deem appropriate.

Defendants' Motion to Dismiss and Supporting
Memorandum (2:21-cv-07270-FMO-MAR)

1

2

Dated:  October 20, 2021

Respectfully submitted,

3

ROB BONTA
Attorney General of California

4

PAUL STEIN
Supervising Deputy Attorney General

5

6

7

/s/*Natasha Saggar Sheth*

NATASHA SAGGAR SHETH

8

Deputy Attorney General
*Attorneys for Defendants Gavin*

9

*Newsom, in his official capacity as*
*Governor of the State of California,*

10

*Rob Bonta, in his official capacity as*
*Attorney General of the State of*

11

*California, Dr. Shirley Weber, in her*
*official capacity as Secretary of State*

12

*of the State of California, and Steven*
*Reyes, in his official capacity as Chief*

13

*Counsel for the Secretary of State of*
*the State of California*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Motion to Dismiss and Supporting
Memorandum (2:21-cv-07270-FMO-MAR)

1

**INTRODUCTION**

2    At the core of Plaintiff's 200-plus page complaint are allegations that the

3    Governor, the Attorney General, the Secretary of State, and the Chief Counsel for

4    the Secretary of State—as well as a California state superior court judge not named

5    as a defendant in this action—engaged in a conspiracy to deprive him of his rights

6    afforded under the First and Fourteenth Amendments, in connection with the

7    administration of the September 14, 2021 California Gubernatorial Recall election.

8    Compl., ¶¶ 1, 15, 36, 42, 57, 59, 96, 180, 192, 200.  Plaintiff asserts three causes of

9    action:  (1) violation of procedural due process under the U.S. Constitution (*id.*, ¶¶

10   224–230); (2) writ of mandate under California Code of Civil Procedure section

11   1085 (*id.*, ¶¶ 231–246); and (3) violation of procedural due process under article I,

12   section 7 of the California Constitution.  *Id.*, ¶¶ 247–249.  As relief, Plaintiff seeks:

13   (1) to enjoin the September 14, 2021 California Gubernatorial Recall election recall

14   election and order the election "to be rescheduled for some time in December

15   2021"; (2) a declaration that Plaintiff's First and Fourteenth Amendment rights

16   were violated; (3) treble damages "related to financial fraud against Plaintiff"

17   pursuant to California Penal Code section 368(d) and California Welfare and

18   Institutions Code section 15657.5(a); (4) "'garden variety' emotional distress

19   damages"; and (5) fees and costs.  *Id.* at 98–100, ¶¶ 1–9.

20    Plaintiff's claims, all of which relate to the recall election held on September

21   14, 2021, are moot.  Additionally, because there is no forward-looking relief that

22   this Court could grant Plaintiff with respect to the recall election, all of his claims

23   are barred by the Eleventh Amendment.  At a minimum, Plaintiff's state-law claims

24   (claims two and three), and his various requests for damages and "treble damages,"

25   are barred by the Eleventh Amendment.  Finally, even if it were not moot or barred

26   by sovereign immunity, Plaintiff's claim that Defendants violated his rights under

27   the First and Fourteenth Amendments fails as a matter of law.  Accordingly,

28   Plaintiff's complaint should be dismissed, without leave to amend.

# BACKGROUND

**I.    THE GUBERNATORIAL RECALL PROCESS AND PLAINTIFF'S FAILURE TO QUALIFY FOR THE BALLOT AS A REPLACEMENT CANDIDATE**

Under California law, a state officer may be recalled by delivering to the Secretary of State a petition alleging reason for recall.  Cal. Const. art. II, § 14(a). Once the Secretary of State determines that recall proponents have collected a sufficient number of verified signatures to initiate a recall election, there are a series of steps that must occur, as prescribed by the Legislature,[1] before a recall election can be called and held.  Cal. Elec. Code, § 11108(d), (e).  Among them, the Joint Legislative Budget Committee has 30 days to review the Department of Finance's estimate of the costs of the recall election, and the Secretary of State must certify to the Governor (or the Lieutenant Governor in the case of a gubernatorial recall (Cal. Const. art. II, § 17)) the sufficiency of the signatures for a recall election.  Under prior law, the Secretary could make this certification only after the conclusion of the 30-calendar day review period by the Joint Legislative Budget Committee. (Former) Cal. Elec. Code § 11108(e) (West 2020).  With the passage of Senate Bill (S.B.) 152, which became law on June 28, 2021, the Legislature eliminated the mandatory 30-day review period, instead allowing the Secretary to certify the sufficiency of the signatures for a recall election *either* when the 30-day review period concludes, or as soon as the Legislature has appropriated the necessary funds to conduct the recall election and has designated funds for that purpose in the Budget Act or in another statute.  Cal. Elec. Code § 11108(e)(1)-(2).  Pursuant to article II, section 15 of the California Constitution, a recall election must be called and held not less than 60 days nor more than 80 days from the date of the Secretary of State's certification of sufficient signatures.

---

[1] "The Legislature shall provide for circulation, filing, and certification of petitions, nomination of candidates, and the recall election."  Cal. Const. art. II, § 16.

On July 1, 2021, following the Legislature's appropriation of funds to conduct the recall election, the Secretary certified to the Lieutenant Governor that the recall organizers had collected and submitted the requisite number of signatures.[2]  The same day, Lieutenant Governor Eleni Kounalakis issued a proclamation ordering that a special statewide election be held September 14, 2021—75 days after the recall petition was certified.[3]  Shortly thereafter, the Secretary published the September 14, 2021, California Gubernatorial Recall Election Calendar,[4] which set forth the numerous deadlines and milestones leading up to the recall election, in accordance with timelines established by statute.

With respect to candidate eligibility requirements, Elections Code section 11381 states that "[n]ominations of candidates to succeed the recalled officer shall be made in the manner prescribed for nominating a candidate to that office in a regular election insofar as that procedure is consistent with this article." Subdivision (a) provides that "[f]or recalls of state officers, the nomination papers and the declaration of candidacy shall, in each case, be filed no less than 59 days prior to the date of the election and not before the day the order of the election is issued. The Secretary of State shall certify the names of the candidates to be placed on the ballot by the 55th day prior to the election."  Consistent with section 11381's strict deadlines and command that the recall election generally proceed in the same manner as a regular election, the Secretary set the deadline for nomination papers, declarations of candidacy, and any candidate statements, for Friday, July 16, 2021,

---

[2] California Secretary of State, California Gubernatorial Recall Election - September 14, 2021, Certification of the Petition to Recall Governor Gavin Newsom (PDF), https://elections.cdn.sos.ca.gov/recalls/certification-of-recall.pdf (as of Oct. 19, 2021).

[3] *Id.*, Lieutenant Governor's Proclamation Calling for the California Gubernatorial Recall Election (PDF), https://elections.cdn.sos.ca.gov/statewide-elections/2021-recall/proclamation.pdf (as of Oct. 19, 2021).

[4] *Id.*, California Gubernatorial Recall Election Calendar (PDF), https://elections.cdn.sos.ca.gov/statewide-elections/2021-recall/recall-calendar.pdf (as of Oct. 19, 2021).

Defendants' Motion to Dismiss and Supporting Memorandum (2:21-cv-07270-FMO-MAR)

the 60th day before September 14, 2021.  Further, under California Elections Code section 8062(a)(1), a person seeking statewide office must obtain the signatures of a minimum of 65 registered voters on their nomination paper.

To qualify as a replacement candidate for the recall election, Plaintiff was required to file, no later than July 16, 2021, the following with his local county elections office:

(1) a filing fee of $4,194.94, or 7,000 voter signatures in lieu of the filing fee;[5]

(2) Declaration of Candidacy;[6] and

(3) Nomination Petitions with at least 65 valid voter signatures.[7]

With respect to the last of these requirements, the Elections Code provides that signatures gathered in lieu of a filing fee may be applied towards a candidate's nomination papers.  Cal. Elec. Code, § 8106(a).

By July 16, Plaintiff had submitted his filing fee and declaration of candidacy, but not enough valid voter signatures in support of his nomination petition.  Compl., Exs. A, F.  Accordingly, on July 17, 2021, the Secretary of State's Office sent Plaintiff a letter informing him that he did not qualify as a candidate for the recall ballot.  *Id.*, Ex. F.  On July 18, the Secretary sent Plaintiff an email informing him of the same, and explaining that if he had "any issues related to information concerning this notification, they must be resolved by the Sacramento County Superior Court . . . no later than the close of business on Wednesday, July 21, 2021 at 5:00 p.m" (*id.,* Ex. F)—the deadline for the Secretary to certify the official list of candidates for the recall ballot.  See Cal. Elec. Code § 11381(a).[8]

---

[5] California Secretary of State, California Gubernatorial Recall Election - September 14, 2021, Replacement Candidate for Governor Checklist (PDF), https://elections.cdn.sos.ca.gov/statewide-elections/2021-recall/candidate-checklist.pdf (as of Oct. 19, 2021); see also Cal. Elec. Code, § 8106, subdivision (a)(3) (requiring 7,000 signatures in lieu of filing fee for statewide office).

[6] Replacement Candidate for Governor Checklist, *supra*.

[7] *Id.*; see also Elec. Code, § 8062, subd. (a).

[8] *See also,* California Gubernatorial Recall Election Calendar, *supra*, at p. 6, ¶ 33.

Defendants' Motion to Dismiss and Supporting
Memorandum (2:21-cv-07270-FMO-MAR)

## II.   PLAINTIFF'S STATE COURT LAWSUIT, WHICH HE VOLUNTARILY DISMISSED BEFORE THE HEARING.

On August 6, 2021, Plaintiff filed a Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief against Defendant Secretary of State Weber in Sacramento County Superior Court, seeking election matter priority under California Elections Code section 13314.  In his state court lawsuit, Plaintiff asserted three main claims.  First, he alleged that the recall election date and the process by which it was called are unconstitutional, because S.B. 152 violates article II, section 17 of the California Constitution.  Req. for Judicial Notice in Supp. of Defs.' Mot. to Dismiss Compl. ("RJN"), Ex. 1 at pp. 6, 19, ¶¶ 21–23, 29–31.  Second, he alleged that the candidate filing deadlines associated with the recall were "illegally truncated" in order prevent potential replacement candidates from mounting their campaigns.  *Id.* at pp. 13–14, 20, ¶ 32.  Third, he alleged that, due to the pandemic, signature gathering requirements for recall candidates should have been suspended, and that the Secretary's failure to do so violated his constitutional rights to free speech and equal protection.  *Id.* at pp. 11–12, 25–26, ¶ 57.  As relief, Plaintiff sought, among other things, a writ of mandate commanding Secretary of State Weber to suspend or cancel the September 14, 2021 gubernatorial recall election, reschedule it to a later date, and allow any replacement candidates who have paid the necessary fees to qualify for the ballot.  *Id.* at p. 26, ¶¶ 1, 3.  Plaintiff also sought a refund of his candidate filing fee.  *Id.* at p. 27, ¶ 5.

Plaintiff filed a peremptory challenge to the superior court judge that got the initial assignment, and the case was then reassigned.  See RJN Ex. 2.  The newly assigned judge set an expedited briefing and hearing schedule on the writ of mandate, with any further briefing by Plaintiff due August 13, the Secretary's opposition by August 18, and the hearing on August 20.  *Id.*  The court did not permit any reply.  Compl., ¶¶ 160, 177.  The Secretary filed its opposition per the

schedule.  RJN, Ex. 3.  Then, on August 19, the day before the expedited hearing set by the superior court, Plaintiff voluntarily dismissed the action.  RJN, Ex. 4.

## III.   THE PRESENT ACTION

Plaintiff filed the instant action on September 9, over 10 weeks after the Legislature passed S.B. 152 and the Lieutenant Governor issued the recall election proclamation, three weeks after he voluntarily dismissed his state court action, and just five days before the scheduled September 14 recall election, when voting was already well underway.  See, e.g., ECF No. 4 at 2 (noting that early voting in the recall election was "already well underway" by the time Plaintiff filed his complaint).

On September 13, this Court issued an Initial Civil Rights Case Order, explaining that the Court would be screening the Complaint pursuant to its authority to dismiss a claim sua sponte where a claimant cannot possibly win relief. ECF No. 4.  That same day, plaintiff filed a Motion for Temporary Restraining Order (ECF No. 6), which the Court denied on September 23, holding that his request to enjoin the recall election was moot because it had already taken place, and that Plaintiff is unlikely to prevail on the merits of his claims in any event. ECF No. 7 at 4-5.

Following screening, the Court determined that Plaintiff could serve his complaint on Defendants.  ECF No. 8.  Acknowledging that portions of Plaintiff's requested relief are moot, the Court nonetheless opted to give Defendants an opportunity to address Plaintiff's claims and remaining requests for relief.  Id. at 1, n.1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint for lack of subject-matter jurisdiction.  Mootness pertains to a federal court's subject matter jurisdiction under Article III of the Constitution, and as such is properly raised in a motion to dismiss under Rule 12(b)(1).  White v. Lee, 227

1   F.3d 1214, 1242 (9th Cir. 2000).  Sovereign immunity may also be raised in a Rule

2   12(b)(1) motion.  *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).  In

3   evaluating a Rule 12(b)(1) motion, the court need not presume the truthfulness of a

4   plaintiff's complaint.  *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987).

5        Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be

6   dismissed if it fails to state a claim upon which relief can be granted.  Although a

7   complaint does not need "detailed factual allegations," it must contain "more than

8   labels and conclusions, and a formulaic recitation of the elements of a cause of

9   action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

10  (internal citation omitted).  A court should dismiss a complaint "if it fails to plead

11  enough facts to state a claim to relief that is plausible on its face."  *In re Cutera*

12  *Securities Litig.*, 610 F.3d 1103, 1107 (9th Cir. 2010) (citation omitted).

13       In considering a motion to dismiss, the Court may review documents

14  incorporated by reference into the complaint, as well as documents that the court

15  may judicially notice.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Where

16  judicially noticeable documents or documents referenced in the complaint conflict

17  with conclusory allegations in the complaint, the Court should ignore the

18  conflicting allegations of the complaint.  *Steckman v. Hart Brewing, Inc.,* 143 F.3d

19  1293, 1295 (9th Cir. 1998).

20       If a complaint's defects are not curable, the court should dismiss without leave

21  to amend.  *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989).

22                                **ARGUMENT**

23       As set forth below, this action should be dismissed without leave to amend.

24  Plaintiff's claims are either moot or barred by sovereign immunity.  Even if not, his

25  only federal claim fails as a matter of law.

26

27

28

**I.**    **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS.**

   **A.**   **Plaintiff's Claims Related to the September 14, 2021 Recall Election are Moot and Must Be Dismissed.**

"Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Id.* (quotation omitted). "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Id.* (quotation omitted). "Where the activities sought to be enjoined already have occurred, and the [ ] courts cannot undo what has already been done, the action is moot, and must be dismissed." *Id.* at 746 (quotation omitted); see also ECF No. 7 at 4 (denying TRO due to mootness); ECF No. 8 at 1, n. 1 (acknowledging that September 14 recall election has already occurred, thereby rendering portions of Plaintiff's requested relief moot).

Here, as this Court has recognized, the September 14 recall election that Plaintiff seeks to enjoin and reschedule (Compl., ¶¶ 231–246; *id.* at 98–100, ¶¶ 2, 4, 5) has already occurred. This court "cannot undo what has already been done, [thus,] the action is moot, and must be dismissed." *Foster, supra,* 347 F.3d at 746.

Accordingly, Plaintiff's complaint, which is aimed at "stop[ping] the fraudulent, illegal, unconstitutional" recall election (Compl., ¶ 232), must be dismissed, without leave to amend.

   **B.**   **Sovereign Immunity Bars All of Plaintiff's Claims and Requests for Monetary Relief.**

All of Plaintiff's claims, as well as his requests for damages, "treble damages . . . and all other costs related to financial fraud against Plaintiff" pursuant to California Penal Code section 368(d) and California Welfare and Institutions Code

1  section 15657.5(a), and "'garden variety' emotional distress damages" (Compl. at

2  100, ¶¶ 6, 7), are barred by sovereign immunity.

3       Sovereign immunity generally bars official-capacity suits against state

4  officials. *Pennhurst State School & Hosp. v. Halderman* 465 U.S. 89, 98–102

5  (1984).  There is a limited exception to state sovereign immunity under *Ex Parte*

6  *Young*, 209 U.S. 123 (1908), such that state officials may be enjoined from

7  violating federal law, but this exception does not apply to claims brought under

8  state law. *Pennhurst*, 465 U.S. at 102–06; *see also Doe v. Regents of the Univ. of*

9  *Cal.*, 891 F.3d 1147 (9th Cir. 2018).  In short, "[a] federal court's grant of relief

10  against state officials on the basis of state law, whether prospective or

11  retroactive . . . conflicts directly with the principles of federalism that underlie the

12  Eleventh Amendment." *Pennhurst*, 465 U.S. at 106.  Further, the *Ex Parte Young*

13  exception only permits suits aimed at an imminent or ongoing violation of federal

14  law, and does not authorize retrospective relief of any kind. *Coalition to Defend*

15  *Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (*Ex Parte Young*

16  permits only "actions for *prospective* declaratory or injunctive relief.") (emphasis

17  added).

18       Here, as discussed above, there is no *prospective* relief that this Court can

19  grant Plaintiff with respect to the gubernatorial recall election, which has already

20  taken place and cannot be undone.  Accordingly, all of his claims are barred by

21  sovereign immunity.  Moreover, Plaintiff's second and third claims are doubly

22  barred because they are brought under state law, not federal law.  And finally,

23  sovereign immunity bars all of Plaintiff's various requests for monetary relief

24  against the Defendants, all of whom are sued in their official capacities, for such an

25  action is "no different than a suit against the state itself." *Will v. Mich. Dep't of*

26  *State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169

27  (1985).

28

Accordingly, this lawsuit is barred by sovereign immunity in its entirety and should be dismissed without leave to amend.[9]

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF HIS FIRST OR FOURTEENTH AMENDMENT RIGHTS.

As discussed above, this case is both moot and barred by sovereign immunity. Even if that were not the case, his only allegations sounding in federal law—that Defendants violated his First Amendment and Fourteenth Amendment procedural due process rights—fail as a matter of law and should be dismissed. Although the Complaint is difficult to parse, the gist of Plaintiff's claim is that Defendants violated his rights by "[e]nforcing the circulation and filing deadlines" in connection with the September 14 recall election, creating an "entry bar [that] was way too high for participatory democracy." Compl., ¶¶ 59, 74, 75, 122. Plaintiff's claims have no merit.

States have "the undoubted right to require candidates to make a preliminary showing of substantial support in order to qualify for a place on the ballot, because it is both wasteful and confusing to encumber the ballot with the names of frivolous candidates." *Anderson v. Celebrezze* (1983) 460 U.S. 780, 788, n. 9. Additionally, states have broad powers under the U.S. Constitution to dictate the time, place, and manner of holding elections. (U.S. Const. art. I, § 4, cl. 1; *Clingman v. Beaver*, 544 U.S. 581, 586 (2005).)

A court considering a challenge to a state election law must weigh the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate against the precise interests put forward by the State as justifications for the burden imposed by its rule, taking into consideration the extent to which those interests make it necessary to burden the plaintiff's rights.

_____

[9] Plaintiff's request for monetary relief under "California Penal Code section 368(d)" fails for the additional reason that it is a criminal statute which cannot be privately enforced, in either state or federal court.

Defendants' Motion to Dismiss and Supporting Memorandum (2:21-cv-07270-FMO-MAR)

*Dudum v. Arntz*, 640 F.3d 1098, 1106 (9th Cir. 2011) (internal quotations omitted, citing *Burdick v. Takushi*, 504 U.S. 428, 434 (1992)).  "When the burdens on voting imposed by the government are severe, strict scrutiny applies, and the regulation must be narrowly drawn to advance a state interest of compelling importance." *Id*. (quotations omitted).  "But voting regulations are rarely subjected to strict scrutiny." *Id*.  Courts have "repeatedly upheld as 'not severe' restrictions that are generally applicable, even-handed, politically neutral, and protect the reliability and integrity of the election process." *Id*. (quotations omitted).  "Where non-severe, lesser burdens on voting are at stake, [courts] apply less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Id*. (quotations omitted).

The state's signature gathering requirement for recall candidates did not impose a severe burden on access to the ballot, and is therefore subject to deferential review, which it easily passes.  The California Constitution and applicable state statutes require a condensed timeline for holding recall elections. See Cal. Const., art. II, § 15, subd. (a) (election must be scheduled within 60 to 80 days after recall petition is certified); Cal. Elec. Code, § 11381(a) (nominating petitions, containing requisite number of valid signatures, must be filed with Secretary of State no later than 59th day before election).  Plaintiff does not and cannot plausibly allege that either the signature gathering requirement itself or the deadline for candidates to submit their nomination papers were applied in a discriminatory fashion.  Nor does he or could he plausibly allege that these requirements were unduly burdensome, notwithstanding his complaints to the contrary.  As noted in the background section above, aspiring replacement candidates had 15 days to collect 65 valid signatures, a low hurdle to demonstrate that a candidate enjoys a modicum of public support sufficient to qualify for a statewide ballot. See, e.g., *Storer v. Brown* (1974) 415 U.S. 724, 740 (no denial of equal protection to require an independent presidential candidate to obtain 325,000

1   signatures in 24 days).  Moreover, 46 other individuals were able to gather the

2   necessary signatures in time to qualify for the recall ballot, which confirms there

3   was no "severe" barrier to participation.[10]

4        To the extent Plaintiff alleges a violation of due process based on the

5   proceedings in the state court action that he initiated (see Compl., ¶¶ 169–185), this

6   claim also fails.  Plaintiff offers only sweeping "labels and conclusions," and does

7   not plausibly allege a due process violation.  See *Twombly*, *supra*, 550 U.S. at 555.

8   Indeed, the state court set an expedited briefing and hearing schedule on his

9   petition, notwithstanding the fact that instead of bringing suit by July 21, as he had

10  been advised would be necessary in order to resolve his claims in time, Plaintiff

11  waited until August 6 to sue the Secretary.  Plaintiff then voluntarily dismissed the

12  case before the hearing.  Accordingly, Plaintiff does not and cannot plausibly allege

13  that he was denied due process.

14       Accordingly, Plaintiff's claims alleging violations of the U.S. Constitution fail

15  and should be dismissed to the extent they are not moot or barred by sovereign

16  immunity.

## CONCLUSION

18       Plaintiff cannot cure the defects in his complaint by amendment.  As such, the

19  Court should dismiss the Complaint without leave to amend.

27  ────────────────────
    [10] California Secretary of State, Official Certified List of Candidates (July 21,
28  2021) https://elections.cdn.sos.ca.gov/statewide-elections/2021-recall/certified-
    list.pdf (as of Oct. 19, 2021).

1    Dated: October 20, 2021                    Respectfully submitted,

2                                               ROB BONTA
                                                Attorney General of California
3                                               PAUL STEIN
                                                Supervising Deputy Attorney General
4

5
                                                /s/ *Natasha Saggar Sheth*
6                                               NATASHA SAGGAR SHETH
                                                Deputy Attorney General
7                                               *Attorneys for Defendants Gavin*
                                                *Newsom, in his official capacity as*
8                                               *Governor of the State of California,*
                                                *Rob Bonta, in his official capacity as*
9                                               *Attorney General of the State of*
                                                *California, Dr. Shirley Weber, in her*
10                                              *official capacity as Secretary of State*
                                                *of the State of California, and Steven*
11                                              *Reyes, in his official capacity as*
                                                *Chief Counsel for the Secretary of*
12                                              *State of the State of California*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Motion to Dismiss and Supporting
                                                Memorandum (2:21-cv-07270-FMO-MAR)

# CERTIFICATE OF SERVICE

Case Name:   ***Gordon, Carl v. Gavin Newsom, et al.***        Case No.   **2:21cv7270**

I hereby certify that on October 20, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

2. **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

3. **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT**

4. **[PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On October 20, 2021, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Carl Gordon**
**8306 Wilshire Blvd. No. 792**
**Beverly Hills, CA 90211**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 20, 2021, at San Francisco, California.

| | |
|---|---|
| M. Mendiola | *M. Mendiola* |
| Declarant | Signature |

SA2021304476
42919580.docx